**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ALEJANDRO OSCAR PEREZ MUJICA,

                Petitioner,

   v.

JESSICA SAGE,

                Respondent.

CIVIL ACTION NO. 3:26-CV-01571

(MEHALCHICK, J.)

## MEMORANDUM

Petitioner Alejandro Oscar Perez Mujica ("Perez Mujica") brings this *pro se* petition for writ of habeas corpus. (Doc. 1). On June 9, 2026, Perez Mujica filed the instant petition requesting that Respondent Jesica Sage ("Sage") release him from custody at the Federal Correctional Institute Lewisburg ("FCI Lewisburg") under suitable terms of release. (Doc. 1, at 4-5). On June 17, 2026, Sage filed a response. (Doc. 7). On June 22, 2026, Perez Mujica filed a motion for leave to proceed *in forma pauperis*. (Doc. 8). Perez Mujica's motion to proceed *in forma pauperis* is **GRANTED** and his petition is deemed filed. For the following reasons Perez Mujica's petition is **DENIED without prejudice** to his ability to file a new petition.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Perez Mujica's petition, Sage's response, and the exhibits thereto. (Doc. 1; Doc. 8). Perez Mujica is a citizen of Cuba who entered the country on June 20, 2016. (Doc. 7, at 2). On August 4, 2018, Perez Mujica received lawful

permanent resident status. (Doc. 7, at 2). On June 11, 2024, Perez Mujica was convicted of Hobbs Act robbery in the United States District Court for Southern District of Florida. (Doc. 7, at 3). On July 10, 2025, Perez Mujica was convicted of robbery with a firearm in the Eleventh Judicial Circuit of Florida, Miami Dade County. (Doc. 7, at 3).

On February 9, 2026, ICE encountered Perez Mujica while he was incarcerated in the Federal Correctional Institute Allenwood in Allenwood, Pennsylvania. (Doc. 7, at 3). On February 10, 2026, ICE issued a notice to appear charging Perez Mujica as removable. (Doc. 7, at 4). On March 10, 2026, an immigration judge issued Perez Mujica a final order of removal. (Doc. 1, at 4; Doc. 7, at 4). According to the government, it has been attempting to remove Perez Mujica to Mexico rather than to Cuba. (Doc. 7, at 6).

On June 9, 2026, Perez Mujica filed a petition for writ of habeas corpus alleging that his prolonged detention violates his Fifth Amendment due process rights. (Doc. 1). On June 17, 2026, the government filed a response. (Doc. 7). Perez Mujica did not file a timely traverse in accordance with the Court's June 10, 2026, order to show cause. (Doc. 4, at 2). Accordingly, this matter is ripe and ready for disposition.

## II.   LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in

2

only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 400 (D.N.J. 2025) (finding petitioner's continued detention without reasonably imminent removal is unreasonable and ordering release).

## III.    JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR").

3

However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil*, 164 F.4th at 277-79 (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil,* 164 F.4th at 278-79 (finding that length of confinement claim "does not get channeled into the PFR review process"). Thus, the Court retains jurisdiction over the legal question of whether Perez Mujica's detention after his order of removal became final has become unconstitutionally prolonged and unrelated to the purpose of removal. *Jennings*, 583 U.S. at 294; *Kahlil,* 164 F.4th at 274-79; *Zadvydas*, 533 U.S. at 688.

## IV.  DISCUSSION

Perez Mujica contends that his prolonged detention violates his Fifth Amendment right to procedural due process as articulated by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001). (Doc. 1, at 2-5). According to Perez Mujica, his

detention is unconstitutional because the government has detained him for over ninety-days and his removal is not reasonably foreseeable. (Doc. 1, at 3). The government counters that Perez Mujica's detention is authorized by 8 U.S.C. § 1231, it has made efforts to remove him to Mexico, Perez Mujica has not yet been detained past six months so his detention is still presumptively reasonable, and he has made no showing that his removal is not reasonably foreseeable. (Doc. 7, at 1-2, 5-7).

Section 1231 of the INA provides for the detention of noncitizens with final orders of removal. 8 U.S.C. § 1231. Pursuant to 8 U.S.C. § 1231, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Noncitizens convicted of certain criminal offenses and noncitizens whom the Attorney General finds to be a risk to the community or unlikely to comply with an order of removal may be detained beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court found that indefinite detention of a noncitizen with a final order of removal violates the Due Process Clause of the Fifth Amendment, and that detention of a noncitizen with a final order of removal must be limited with a definite endpoint. 533 U.S. at 690-91. The Supreme Court determined that to discern whether such post-order of removal detention comports with the Due Process Clause of the Fifth Amendment, habeas courts must ask whether the detention "exceeds a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699. The Supreme Court found that detention post-order of removal is presumed reasonable for a period under six months. *Zadvydas*, 533 U.S. at 701. After the presumptively reasonable six-month period runs and the detained noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence

sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. As the period of confinement grows, what counts as reasonably foreseeable future conversely shrinks. *Zadvydas*, 533 U.S. at 701. If removal is ultimately not reasonably foreseeable, habeas courts should hold continued detention unreasonable and order release. *Zadvydas*, 533 U.S. at 699-700.

A petitioner may rebut the presumption that detention of less than six months after the government obtains a final order of removal is reasonable by showing that the government will not be able to effectuate their removal in the reasonably foreseeable future. *See Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 397 (D.N.J. 2025) (stating "the *Zadvydas* presumption . . . is rebuttable"). However, where the petitioner makes no showing that their removal is not reasonably foreseeable, the *Zadvydas* presumption applies. *See Gomez-Rodriguez v. Blanche*, No. 26-CV-05130, 2026 WL 1396514, at *2 (D.N.J. May 19, 2026) (denying a petition based on the *Zadvydas* presumption where the "petitioner [had] not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future"); *see also Sandoval v. Tsoukaris*, No. CV 26-1088, 2026 WL 1229781, at *3 (D.N.J. May 5, 2026) (denying a petition where the petitioner had been held for less than six months and made no showing that their removal was not reasonably foreseeable); *see also Talebinejad v. Oddo*, No. 3:25-CV-329, 2025 WL 4482280, at *6 (W.D. Pa. Dec. 3, 2025), *report and recommendation adopted sub nom. Talebinejad v. Otto*, No. 3:25-CV-329, 2026 WL 21537 (W.D. Pa. Jan. 5, 2026) (stating "[a]ssuming once again that Petitioner could challenge his current detention under § 1231(a)(6) before the expiration of Zadvydas' presumptively reasonable six-month period, Petitioner has not submitted evidence that would satisfy the heavy burden placed on him at this time").

An immigration judge issued Perez Mujica's final order of removal on March 10, 2026, less than six months ago. (Doc. 1, at 4; Doc. 7, at 4). Thus, Perez Mujica's detention is still presumed reasonable. *See Zadvydas*, 533 U.S. at 701. While Perez Mujica may rebut this presumption, to do so, he must make an affirmative showing that his removal is not reasonably foreseeable. *See Munoz-Saucedo*, 789 F. Supp. 3d at 397 (noting that the *Zadvydas* presumption is rebuttable); *see also Gomez-Rodriguez*, 2026 WL 1396514, at *2 (applying the *Zadvydas* presumption where the petitioner made no showing that his removal was not reasonably foreseeable); *see also* Sandoval, 2026 WL 1229781, at *3 (same); *see also Talebinejad*, 2025 WL 4482280, at *6 (same). Perez Mujica only states that "there is no significant likelihood that [he] will be removed from the country in a reasonably foreseeable time" because the government has detained him for over ninety days. (Doc. 1, at 1). The government asserts and presents a sworn declaration stating that it made efforts to remove Perez Mujica to Mexico shortly after his order of removal became final. (Doc. 7, at 4-5; Doc. 7-2, at 4-5). Perez Mujica does not provide any evidence or arguments challenging the government's assertion that it will be able to remove him to Mexico in the near future. Thus, the Court must apply the *Zadvydas* presumption of reasonableness because Perez Mujica has not made any showing rebutting the presumption. *See Gomez-Rodriguez*, 2026 WL 1396514, at *2; *see also* Sandoval, 2026 WL 1229781, at *3; *see also Talebinejad*, 2025 WL 4482280, at *6.

## V. CONCLUSION

For the foregoing reasons, Perez Mujica's motion to proceed *in forma pauperis* (Doc. 8) is **GRANTED** and his petition for writ of habeas corpus (Doc. 1) is **DENIED without prejudice** to his ability to file a new petition which rebuts the *Zadvydas* six-month presumption

or file a new petition after the government has detained him for more than six months after the issuance of his final order of removal.

An appropriate Order follows.

BY THE COURT:

Dated: June 29, 2026

/s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**

8